**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**EMELYN TORRES,**

        **Plaintiff,**

v.

**ANDREW SAUL,**
**Commissioner of Social Security,**

        **Defendant.**

Case No. 2:18-cv-1716
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Motion for Attorney's Fees*, ECF No. 24; *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25; *Plaintiff's Reply*, ECF No. 26. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

**I.    BACKGROUND**

On February 7, 2018, Plaintiff filed this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), appealing from the final decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. ECF No. 1.[1] Although Attorney James Langton from the law firm Langton & Alter represented Plaintiff in the underlying administrative proceedings and filed this action, another lawyer from the same firm,

---

[1] Andrew Saul, the current Commissioner of Social Security, is substituted as Defendant in his official capacity.

1

Abraham Alter, filed on Plaintiff's behalf the *Statement of Contention pursuant to Local Civil Rule 9.1*, ECF No. 9, and Plaintiff's *Moving Brief*, ECF No. 17.

On June 26, 2018, Plaintiff consented to disposition of this action by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 10.[2] On March 29, 2019, the case was reassigned to Magistrate Judge Paul A. Zoss. ECF No. 18. In October 2019, following full briefing by the parties, Judge Zoss reversed the Commissioner's decision and remanded the case for further proceedings. ECF No. 22. Thereafter, Plaintiff filed her *Motion for Attorney's Fees*, seeking attorney's fees under the EAJA in the amount of $6,553.00. ECF No. 24. Defendant opposes Plaintiff's fee request, arguing that the Court should deduct all time spent on filing a non-compliant brief and award attorney's fees in the amount of only $2,688.00. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25. Alternatively, Defendant asks that the Court, at a minimum, deduct time spent on certain matters in light of the totality of the circumstances and award attorney's fees in the amount of $5,140.70. *Id.* In her reply memorandum, Plaintiff insists that the fee award requested in her initial motion is appropriate. *Plaintiff's Reply*, ECF No. 26. On July 30, 2020, the case was reassigned to the undersigned. ECF No. 27. The matter is now ripe for disposition.

**II.   LEGAL STANDARD**

"[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165; *see also Goldhaber v. Foley*, 698 F.2d 193, 195 (3d Cir. 1983) ("Congress intended

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

that the Equal Access to Justice Act remove an obstacle to contesting unreasonable governmental action through litigation."). Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action  . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see also id*. at § 2412(d)(1)(B) (requiring a party seeking an award of fees and expenses to submit to the court such application "within thirty days of final judgment in the action"). "The Plaintiff is a prevailing party under the EAJA if he [or she] has 'succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit.'" *Teixeira v. Comm'r of Soc. Sec.*, No. CV 2:13-07505, 2016 WL 6139918, at *1 (D.N.J. Oct. 20, 2016) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (internal quotations omitted). A plaintiff who obtains a remand under sentence four or sentence six of 42 U.S.C. § 405(g)[3] is therefore a prevailing party. *Melkonyan v. Sullivan*, 501 U.S. 89, 102–03 (1991) (stating further that EAJA fees are not appropriate where there is a voluntary dismissal on the stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a) because there is no prevailing party); *Ruiz v. Comm'r of Soc. Sec.*, 189 F. App'x 112, 113 (3d Cir. 2006) (noting that,"[w]hile these forms of remand under § 405(g) differ in when they become final, both may lead to an award of EAJA fees" and finding that the plaintiff was a "prevailing party" for purposes of EAJA fees when he secured a sentence four remand) (citing *Melkonyan*, 501 U.S. at 102–03).

---

[3] Sentence four of 42 U.S.C. § 405(g), consists of "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" while sentence six authorizes a remand of the matter to the Commissioner for the taking of new material evidence when "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"

3

Courts may award only "reasonable" attorney's fees and expenses under the statute. 28 U.S.C. § 2412(d)(2)(A). "A fee applicant bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended and hourly rates." *Beattie v. Colvin*, 240 F. Supp. 3d 294, 296 (D.N.J. 2017) (citations omitted). "To meet [this] burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The [United States] Supreme Court has cautioned that '[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'" *Beattie*, 240 F. Supp. 3d at 296 (quoting *Hensley*, 461 U.S. at 434); *see also Arandjelovic v. Colvin*, No. 14-2849, 2016 WL 1389935, at *3 (D.N.J. Apr. 8, 2016) ("At the outset, the Court notes that forty hours has previously been found reasonable for a typical Social Security case. . . . As such, Plaintiff's request of 55.55 hours is not unconscionable for a more complicated social security matter.") (citations omitted). "In evaluating an EAJA fee application, a court is to apply 'traditional equitable principles.'" *Cintron v. Comm'r of Soc. Sec.*, No. 2:13-CV-7125, 2015 WL 3938998, at *1–2 (D.N.J. June 25, 2015) (citing *Meyler v. Comm'r of Soc. Sec.*, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008)). "A district court has broad discretion in determining the appropriate amount of a fee award." *Beattie*, 240 F. Supp. 3d at 296 (citing *Hensley*, 461 U.S. at 437); *see also Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989) ("It bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party.") (citing *Hensley*, 461 U.S. at 437); 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be

4

awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."). "However, a court may not conduct a 'generalized proportionality review of the entire fee award' in response to the Government's 'bare allegation in general terms that the time spent was excessive.'" *Beattie*, 240 F. Supp. 3d at 296 (quoting *U.S. v. Eleven Vehicles*, 200 F.3d 203, 218 (3d Cir. 2000) (Alito, J., concurring)). "The party opposing a fee request has the burden to submit objections that are specific and well-supported." *Cintron*, 2015 WL 3938998, at *2.

As set forth above, a court may award reasonable attorney's fees if the government's position in the case was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing that its position was substantially justified, which "is not met merely because the government adduces 'some evidence' in support of its position." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (citing *Tressler v. Heckler*, 748 F.2d 146, 150 (3d Cir.1984)). Instead, the government's position in the underlying action must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Washington*, 756 F.2d at 961 ("Substantial justification 'constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'") (quoting *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir. 1983)). To meet its burden of substantial justification, the government must show that its position in the underlying litigation reflected: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id*. (citations omitted). In other words, its "position is substantially justified if

5

it has a reasonable basis in both law and fact." *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citations omitted). However, a "'court must not assume that the government's position was not substantially justified because the government lost on the merits.'" *Bryan v. Comm'r of Soc. Sec.*, 478 F. App'x 747, 750 (3d Cir. 2012) (quoting *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001)); *see also Diaz v. Comm'r of Soc. Sec.*, 410 F. App'x 430, 431–32 (3d Cir. 2010) ("Although the Government's success or failure on the merits at each level is indicative of whether its position was substantially justified, it is not dispositive.") (citing *Pierce*, 487 U.S. at 569); *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998) ("The EAJA is not a "loser pays" statute. Thus, a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits."); *Nevins v. Comm'r of Soc. Sec.*, No. CV 16-5765, 2017 WL 3315287, at *2 (D.N.J. Aug. 2, 2017) ("The government's position can be justified even if it is incorrect as long as it has a "reasonable basis in law and fact.'") (quoting *Pierce*, 487 U.S. 556 n.2).

Finally, as previously noted, a court shall not award fees where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "'This 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions of the law that often underlie vigorous enforcement efforts. *It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made*.'" *Taylor v. United States*, 815 F.2d 249, 252–53 (3d Cir. 1987) (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S. Code Cong. & Ad News 4953, 4984, 4990) (emphasis added by *Taylor* court). "The EAJA thus 'explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees.'" *Id*. (quoting *Oguachuba v. Immigration and Naturalization Serv.*, 706 F.2d 93, 98 (2d Cir. 1983)). However, "[t]hat few courts apparently

6

have relied upon this exception to EAJA awards in denying fee applications is evidence that the circumstances of a case will infrequently justify a denial of an award." *Id.*; *see also Meyler v. Comm'r of Soc. Sec.*, No. CIV. 04-4669, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008) ("Despite the persistent pattern of misconduct by Plaintiff's counsel, the Court is not persuaded that special circumstances exist to justify a complete denial of attorney's fees. While counsel's conduct is objectionable, the Court distinguishes it from attorney misconduct that has been duplicitous or dishonest and has resulted in a denial of all fees.") (citations omitted).

### III. ANALYSIS

Plaintiff seeks an attorney's fee award under the EAJA in the amount of $6,553.41, reflecting 33.4 hours of work compensated at a rate of $196.21 per hour. *Affidavit of Attorney's Services*, ECF No. 24-2, ¶¶ 2 (identifying 33.4 hours), 3 (seeking a fee award in the amount of $6,553.00), 4 (explaining hourly rate of $196.21); *see also* ECF No. 24-5, attached thereto (reflecting list of time spent on each billable activity, totaling 33.4 hours). Defendant does not deny that Plaintiff qualifies as a "prevailing party," nor does Defendant contend that his position was "substantially justified" within the meaning of the EAJA. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 2 n.3. Instead, Defendant argues that the Court should, as a matter of equity, award attorney's fees in the amount of only $2,688.00, thereby deducting "19.7 hours that Plaintiff's counsel spent writing a brief that did not comply with the Court's numerous directives to follow Local Rule 9.1, clearly articulate arguments, and strike a professional tone." *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 3. Alternatively, Defendant asks that the Court, at a minimum, deduct time spent on certain matters in light of the totality of the circumstances and award attorney's fees in the amount of $5,140.70. *Id.* at 6–10. In reply, Plaintiff insists that the $6,553.41 fee award

requested is appropriate. *Plaintiff's Reply*, ECF No. 26. The Court addresses these arguments in turn.

   **A.**  **Requested Reduction Because of Special Circumstances**

As noted, Defendant first argues that, in the interest of equity, the Court should exercise its discretion and deduct from any award fees incurred in connection with time spent by Plaintiff's counsel in drafting a non-compliant brief in this case. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, pp. 3–6. As background, Defendant advises that, beginning in February 2019, Judge Zoss "put Mr. Alter on notice that the format and tone of his briefing was detrimental to the Court's orderly adjudication of his cases." *Id*. at 4 (citing *Evarts v. Comm'r*, No. 15-6334 at p. 11 (Feb. 11, 2019) (Mr. Alter's briefing is "haphazard"); *Diguilio v. Comm'r*, No. 17-02119 at p. 20 (February 28, 2019) (Mr. Alter's briefing on the Listing issue is "mostly unintelligible"); *Ollie v. Comm'r*, No. 17-04077 at p. 38 (March 18, 2019) (warning that Mr. Alter's "gratuitous snarkiness is both out of line and harmful to his credibility"); *Feely v. Comm'r*, No. 17-06881 at p. 29, n.10 (March 20, 2019) (commenting on Mr. Alter's "inaccurate *ad hominem* attack on the ALJ"); *Garcia v. Comm'r*, No. 17-08053 at p. 11, n.7 (May 8, 2019) (Mr. Alter's omission of a facts section "hampers the Court's ability to understand and analyze Plaintiff's arguments and is a failing that should not be repeated by counsel in future submissions to the Court"). Defendant also advises that, on May 13, 2019, "this Court explicitly warned Mr. Alter that any brief filed after that date must comply with Local Rule 9.1 and otherwise strike a professional tone." *Id*. at 5 (citing *Little v. Berryhill*, 17-11708 (May 13, 2019); *see also Roman v. Comm'r*, No. 17-07057 at pp. 15–16 (May 29, 2019) (Mr. Alter's briefs do not comply with Rule 9.1 and are "routinely unnecessarily caustic")). *Little v.*

*Berryhill*, 17-11708 (May 13, 2019);[4] *Roman v. Comm'r*, No. 17-07057 at pp. 15–16 (May 29, 2019) (Mr. Alter's briefs do not comply with Rule 9.1 and are "routinely unnecessarily caustic")). In opposing a full award of fees in this case, Defendant argues as follows:

> Mr. Alter's brief in the above-captioned case was filed just nine days after the Court's warning in *Evarts v. Commissioner*, No. 15-6334 at p. 11 (Feb. 11, 2019). Mr. Alter was clearly on notice to comply with Local Rule 9.1 based on his prior lapses, as well as the plain language of the rule itself. In deciding the above-captioned case, the Court held that, once again, Plaintiff's brief did not comply with Local Rule 9.1, lacked the required organization, did not clearly articulate the assignments of error, and struck a caustic tone. (*Torres* Opinion, Doc. No. 22 at p. 17). Accordingly, [Judge Zoss] wrote that "[i]t is not the Court's burden to sift through Plaintiff's arguments to determine the bases for appeal and then comb through the record searching for support." (*Id*. at 17-18). [Judge Zoss] further noted that counsel's briefs in each of the 32 cases decided by [Judge Zoss] have had similar issues (*Id*. at 17). The Court notified the parties that it will consider whether Plaintiff's counsel's failure to comply with Rule 9.1 should [a]ffect the amount of counsel's fees awarded (*Id*. at 18).

*Id*. Defendant goes on to argue that Plaintiff's brief in this case failed to comply with Local Rule 9.1 because it utilized boilerplate language instead of a meaningful statement of the issues, the

---

[4] On May 13, 2019, in *Little*, Judge Zoss specifically advised counsel of the law firm of Langton & Alter, Esqs., as follows:

> Since May 4, 2018, the undersigned has decided twenty-one Social Security disability appeals in which the plaintiff was represented by Plaintiff's counsel in the present case. The plaintiff's brief in each of those cases has had similar failings. It is not the Court's burden to sift through Plaintiff's unnecessarily caustic arguments to determine the bases for appeal and then comb through the record searching for support. Plaintiff's counsel, the law firm of Langton & Alter, Esqs., is specifically placed on notice that *any brief that is filed after the date of this opinion and that does not comply with Local Civil Rule 9.1(e) will be rejected, and any re-briefing time for such a brief, will not be credited when considering reasonable fees for successful appeals*. The Court will analyze the effect, if any, that Plaintiff's counsel's failure to comply with Local Civil Rule 9.1(e) (and the corresponding burden placed on the Court) should have on any award of attorney's fees in this case.

*Opinion and Order*, ECF No. 15, pp. 30–31, filed in *Little v. Comm'r*, No. 2:17-cv-11708 (emphasis added).

argument section was not divided into clearly-identified sections and, "while the Commissioner notes that the tone of the *Torres* brief was more subdued than many submissions by Mr. Alter, there are still instances in the brief where counsel strikes an arguably caustic tone, despite numerous warnings by the Court to avoid such a practice." *Id*. at 6 (citations omitted).

Defendant's arguments are not well taken. As an initial matter, Defendant relies on a warning issued in *Little* on May 13, 2019—*i.e.*, months after *Plaintiff's Moving Brief* was filed in this case on February 20, 2019. Moreover, although Defendant may be correct that Plaintiff's statement of the issues and argument section could have been written and organized more clearly to aid the Court in its resolution of the substantive issues, this Court cannot say that these failings clearly violate Local Rule 9.1(e). Similarly, Defendant has not persuaded this Court that "the tone of the *Torres* brief[,]" which Defendant concedes is "more subdued than many submissions by Mr. Alter" and is only "arguably caustic[,]" warrants the deduction of all fees associated with the time spent in drafting *Plaintiff's Moving Brief*. *See Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 6 (citing Pl.'s Brief, Doc. No. 17 at p. 1 ("arguing that Defendant's Rule 9.1 compliant response letter (Doc No. 11) 'refuses to contradict, discuss or other wise [sic] engage with plaintiff's Arguments'"); *Id*. at 24–25 ("sarcastically questioning why the ALJ included various regularity language in the decision"); *Id*. at 28 ("deriding the ALJ's legal discussion as, '[t]his is not an analysis, it is an announcement'"); *Id.* at 29–30) ("'With regard to social functioning, the decision pretends that plaintiff suffers only 'mild difficulties'" . . . . "What sort of foundation is this?'")).

Although this Court does not condone Plaintiff's counsel's rhetoric and views *ad hominem* attacks and poorly organized and unsupported briefs as a disservice to the client, the Court cannot conclude, based on the present record, that *Plaintiff's Moving Brief* constitutes one

10

of those "infrequent" circumstances requiring a denial of fees. *See Taylor*, 815 F.2d 252–53; *Meyler*, 2008 WL 2704831, at \*2. As set forth above, in determining whether to apply the "special circumstances" exception to the EAJA, this "Court distinguishes [objectionable attorney conduct] from attorney misconduct that has been duplicitous or dishonest and has resulted in a denial of all fees." *Meyler*, 2008 WL 2704831, at \*2 (citations omitted). Here, nothing in Defendant's cited portions of *Plaintiff's Moving Brief* reflects duplicitous or dishonest assertions. *See Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, pp. 5–6. Moreover, unlike in *Meyler* where the Court reduced the award for attorney's fees for time expended on a non-compliant appellate brief, no re-briefing or attendant delay occurred in this case. *See Meyler*, 2008 WL 2704831, at \*2. Finally, denying or reducing fees under the rarely used "special circumstances" exception based on the record in this case would not serve the EAJA's purpose. *See Jean*, 496 U.S. at 165; *Goldhaber*, 698 F.2d at 195.

In short, for all these reasons, the Court will not rely on the "special circumstances" exception in 28 U.S.C. § 2412(d)(1)(A) to deduct all, or reduce any, attorney's fees incurred in drafting *Plaintiff's Moving Brief*.

### B. Specific Requested Reductions

Defendant next asserts several objections on the basis of unreasonableness, providing the following summary of requested reductions:

| Date(s) | Task | Plaintiff's Request | Commissioner's Proposed Reasonable Time |
|---|---|---|---|
| 2/7/18 | Prepare and submit District Court complaint | 1.0 hour | .5 hour |
| 2/8/18 | Receive and review complaint filed | .1 hour | 0 hours |

| 2/18-2/19/19 | Review medical exhibits, research and prepare rough draft of plaintiff's brief | 13.9 | 7.4 |
|---|---|---|---|
| 3/29/19 | Order case reassigned to Judge Linares/Judge Zoss | .1 hours | 0 hours |
|  | **TOTAL TIME** | **15.1** | **7.9** |

*Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 7.[5]

Defendant explains that reducing Plaintiff's counsel's hours by these amounts would equate to a reduction of $1,412.71, leaving a total fee award of $5,140.70. *Id*.

### 1. Requested reductions related to *Plaintiff's Moving Brief*

Defendant first argues that the Court should reduce time expended on *Plaintiff's Moving Brief* on February 18–20, 2019, based on the equitable considerations described above. *Id*. at 8. The Court, however, rejects those arguments for the reasons previously discussed.

Defendant next argues that Plaintiff's counsel's 41-page moving brief contains pages of boilerplate that appear in many of his briefs as well as lengthy block quotes from regulations and case authority, warranting a reduction. *Id*. Defendant specifically argues that approximately one-third of Plaintiff's brief contains recycled material, and the Court should therefore reduce the time expended on this brief by one-third:

- Opening Statement (.5 pages, p. 1);
- Issue, Sequential Evaluation (6.5 pages, pp. 2-8);
- Standard of Judicial Review, and first three paragraphs of the Summary of Argument restating standard of review (1.5 pages, pp. 11-13);
- Block quote of testimony (1 page, pp. 17-18);
- Block quote from ALJ decisions (.5 page, p. 25);

---

[5] Defendant does not dispute the reasonableness of counsel's requested hourly rate of $196.21. *Id.* at n.6.

- Block quote from ALJ decisions (.5 page, p. 35);
- Block quote of Listing sing (.5 page, p. 36);
- Block quote of testimony (1.5 page, pp. 36-38);
- Block quote of lengthy case law (1 page, pp. 38-39)[.]

*Id*. (citing *Amparo v. Comm'r of Soc. Sec.*, No. 2:12-CV-6403, 2014 WL 4678033 (D.N.J. Sept. 18, 2014)). Defendant goes on to "recognize[] that the large block quotes in this case are a bit different from the 'recycled content' of black letter law from previous briefs discussed in *Amparo*[,]" but argues that "the Court can, and should, consider that about 1/3 of the content of Plaintiff's brief in this case is a function of copying and pasting, either from another brief or from another document." *Id*. at 9. Defendant's argument in this regard is not well taken.

The United States Court of Appeals for the Third Circuit has "stated that a reasonable amount of time to spend on a 41-page brief would be 120 hours, approximately 3 hours per page." *Beattie v. Colvin*, 240 F. Supp. 3d 294, 298 (D.N.J. 2017) (citing *Maldonado v. Houstoun*, 256 F.3d 181, 186 (3d Cir. 2001)). "Since then, courts in this district have regularly applied the '3 hours per page' rule in determining the reasonableness of hours spent on a brief in social security cases." *Id*. (collecting cases); *see also Arandjelovic v. Colvin*, No. 14-2849, 2016 WL 1389935, at *4 (D.N.J. Apr. 8, 2016) ("This Court has found that roughly 16.25 hours is a reasonable amount of time to spend on a Social Security brief. . . . Over thirty hours spent on a brief is unreasonable, especially for an experienced counsel."); *Hernandez v. Comm'r of Soc. Sec.*, No. 2:12-CV-5573, 2014 WL 1942419, at *2 (D.N.J. May 14, 2014) ("This Court also rejects Defendant's contention that 18.25 hours spent writing a twenty-one page brief is excessive."). "The district courts are required to be faithful stewards of the public funds expended for attorneys' fees. Thus courts have reduced counsel's time charges where a brief, even if substantial, contained "little new material." *Amparo*, 2014 WL 4678033, at *3 (quoting *Figueroa v. Comm'r of Soc Sec.*, Civ. No. 0903601 (D.N.J. July 12, 2010)). In addition,

13

counsel's "status as a highly experienced practitioner in this area must be taken into account; 'when Plaintiff's attorney is experienced in [the] field, [the] Commissioner is entitled to additional efficiency.'" *Id*. (quoting *Menter v. Astrue*, 572 F.Supp.2d 563, 566 (D.N.J. 2008)).

    Here, as a preliminary matter, Defendant asks that Plaintiff's time spent on February 20, 2019, be reduced by one-third, but Defendant does not identify that time in his chart or otherwise identify the amount of that time, nor does he explain how that amount is consistent with his request that Plaintiff's time be reduced by one-third. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 8. The Court will not construct or complete Defendant's arguments for him. *See Cintron*, 2015 WL 3938998, at *2 ("The party opposing a fee request has the burden to submit objections that are specific and well-supported."); *cf. Wright v. Comm'r Soc. Sec.*, 783 F. App'x 243, 245 (3d Cir. 2019) ("We need not address this conclusory, undeveloped accusation.") (citations omitted); *United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) ("[T]his Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments."). Nevertheless, the Court notes that Plaintiff's billing records reflect 5.8 hours expended on preparing and submitting the final draft of *Plaintiff's Moving Brief* on February 20, 2019, in addition to the 13.9 hours expended on February 18 and 19, 2019, on reviewing the medical exhibits, research, and preparing the rough draft of *Plaintiff's Moving Brief*. *See* ECF No. 24-5 (reflecting the list of counsel's time entries). Although *Plaintiff's Moving Brief* did include some block quotes, the Court is not persuaded that 19.7 hours (5.8 hours + 13.9 hours) expended by experienced counsel on a 41-page brief is unreasonable and warrants a reduction of 6.5 hours. *See Maldonado*, 256 F.3d at 186; *Beattie*, 240 F. Supp. 3d at 298; *Hernandez*, 2014 WL 1942419, at *2. Moreover, Defendant acknowledges that this case is distinguishable from

*Amparo,* where the Court in that case reduced time spent on the offending brief. *See Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 9. For these reasons, the Court will not reduce, on the basis of unreasonableness, the time expended by Plaintiff's counsel on *Plaintiff's Moving Brief*.

### 2.  Requested reductions for alleged clerical work

Defendant also argues the Court should deduct from the fee award time expended for clerical work. *Id.* at 9–10. Defendant is correct that clerical work that can be performed by non-attorneys is not compensable as attorney's fees under the EAJA. *Arandjelovic v. Colvin*, No. 14-2849, 2016 WL 1389935, at *3 (D.N.J. Apr. 8, 2016); *Bluford v. Comm'r of Soc. Sec.*, No. 10-CV-04928, 2011 WL 3205370, at *3 (D.N.J. July 27, 2011).

Here, Defendant first contends that the Court should deduct one hour that Plaintiff's counsel billed on February 7, 2018, for preparing and submitting the *Complaint*, which consists of three pages and which includes mostly standard allegations, because that work was a clerical task that an attorney need not perform. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, pp. 9–10. This Court disagrees. *See Webb v. Bd. of Educ. of Dyer Cty., Tenn.*, 471 U.S. 234, 243 (1985) ("[S]ome of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation,' [and the] [m]ost obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case."); *Cintron*, 2015 WL 3938998, at *2; *cf. Mendoza v. Comm'r of Soc. Sec.*, No. CV 13-617, 2017 WL 1900724, at *2 (D.N.J. May 9, 2017) (rejecting the Commissioner's argument that the civil justice clinic representing the plaintiff "engaged in overlitigation by filing a five-page complaint instead of the sample form complaint available on the website of the U.S. District Court for the District of New Jersey" and stating that "the Court

does not find that a five-page complaint is excessive, even if Plaintiff could conceivably have submitted a shorter complaint"). The Court will therefore not deduct one hour spent in connection with the preparation and filing of the *Complaint*.

Defendant next argues that the Court should deduct .1 of an hour billed on February 8, 2018, to "[r]eceive and review Complaint filed." *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 10. Defendant contends that, because Plaintiff's counsel "charged 1 hour to prepare and submit it, there would not be an apparent need to then receive and review its submission." *Id*. This Court agrees that this expenditure of time was unnecessary and it will be deducted from the fee award calculation. *See Beattie*, 240 F. Supp. 3d at 296; *Cintron*, 2015 WL 3938998, at *1–2.

Finally, Defendant argues that the Court should deduct .1 of an hour billed on March 29, 2019, to review an Order reassigning this case from Judge Linares to Judge Zoss, contending that "[t]he entry does not identify a necessary attorney task associated with this event[.]" *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 25, p. 10. This Court disagrees. Reviewing an Order issued by the Court and monitoring updates in the litigation is entirely appropriate and the time actually itemized is not unreasonable. Accordingly, the Court rejects the Commissioner's request to deduct this time.

## IV. CONCLUSION

For these reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's request for attorney's fees, ECF No. 24. Specifically, Plaintiff's request is **GRANTED** to the extent that Plaintiff's counsel, Abraham Alter, Esq., is granted reasonable fees pursuant to 28 U.S.C. § 2412, but **DENIED** to the extent Plaintiff seeks a fee award under the EAJA in the amount of $6,553.41. The Court **AWARDS** an attorney's fee in the amount of **$6,533.79**,

reflecting 33.3 hours of work compensated at a rate of $196.21 per hour. Such fees may be paid directly to Plaintiff's counsel pursuant to Plaintiff's assignment, ECF No. 24-6, if Plaintiff does not owe a debt or debts subject to offset under the Treasury Offset Program. If Plaintiff does owe such a debt or debts, the Defendant will reduce the awarded attorney's fees to the extent necessary to satisfy such debt or debts.

**IT IS SO ORDERED.**

Date:  August 10, 2020              *s/Norah McCann King*
                              NORAH McCANN KING
                              UNITED STATES MAGISTRATE JUDGE